IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Gloria J. Holcombe,  )<br>                                              )<br>                    Plaintiff,     )<br>                                              )<br>      vs.                                  )<br>                                              )<br>Jo Anne B. Barnhart,             )<br>Commissioner of Social Security, )<br>                                              )<br>                    Defendant.  )<br>                                              ) | Civil Action No. 8:05-1452-MBS-BHH<br><br>**REPORT OF MAGISTRATE JUDGE** |

This case is before the Court for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[1]

The plaintiff brought this action pursuant to Section 205(g) of the Social Security Act (the "Act"), as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security Administration that the plaintiff was not entitled to disability insurance benefits ("DIB").

**RELEVANT FACTS AND ADMINISTRATIVE PROCEEDINGS**

The plaintiff was 40 years old on the alleged onset date of her "disability," December 6, 1996, and 48 years old when the Administrative Law Judge (ALJ) issued his decision on January 27, 2005.  (Tr. 80.) She had a high school education (Tr. 29), and worked in the vocationally relevant past as a bank member services representative. (Tr. 96-98.) The plaintiff was last insured for purposes of eligibility for disability insurance benefits on December 31, 2001.  (Tr. 53.) She initially injured her back in a work-related accident in

---

[1] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

1993. She continued to work as a bank teller after the accident but her physical problems and related pain allegedly worsened.

The plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act (the Act), 42 U.S.C. §§ 1381-1383c, on February 11, 2004 (Tr. 80-83), alleging she became disabled on December 6, 1996 (Tr. 80), due to back pain, degenerative disc disease, and arthritis (Tr. 15). Her application was denied initially and upon reconsideration. (Tr. 53-65.) A hearing was held before an ALJ on December 18, 2004. (Tr. 26-52.) On January 27, 2005, the ALJ issued an unfavorable decision (Tr. 14-24), finding the plaintiff was not disabled because she had the residual functional capacity to perform a range of sedentary work and could perform other work existing in significant numbers in the national economy. On April 27, 2005, the Appeals Council denied the plaintiff's request for review (Tr. 6-8), thereby making the ALJ's decision the Commissioner's final decision for purposes of judicial review under section 205(g) of the Act. See 20 C.F.R. § 404.981 (2005).

## **APPLICABLE LAW**

The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. §423(a). "Disability" is defined in 42 U.S.C. §423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months.

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in

substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Social Security Administration's Official Listings of Impairments found at 20 C.F.R. Part 4, Subpart P, App. 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing substantial gainful employment. *See* 20 C.F.R. §404.1520. If an individual is found not disabled at any step, further inquiry is unnecessary. *See* 20 C.F.R. §404.1503(a); *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981).

A plaintiff is not disabled within the meaning of the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. Social Security Ruling ("SSR") 82–62. The plaintiff bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. §423(d)(5). He must make a prima facie showing of disability by showing he is unable to return to his past relevant work. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. *Id.*

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. *Richardson v. Perales*, 402 U.S. 389 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Pyles v.*

3

*Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (citing *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)).  The phrase "supported by substantial evidence" is defined as :

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that her conclusion is rational.  *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).  If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed.  *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## DISCUSSION

The plaintiff contends that the ALJ erred in failing to find her disabled.  Specifically, the plaintiff alleges that the ALJ erred in (1) failing to properly consider the findings and opinions of the plaintiff's treating physician; (2) concluding that the plaintiff's physical therapist was not an acceptable medical source; and (3) finding that the plaintiff could lift and carry 10 pounds occasionally and sit for 6 hours in an 8-hour workday.

### I.  OPINION OF TREATING PHYSICIAN

First, the plaintiff complains that the ALJ erroneously accorded the opinion of the plaintiff's treating physician, Dr. M. Noreen Herring, only minimal weight.  Normally, the treating physician's opinion is accorded controlling weight if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record."  20 C.F.R. § 404.1527(d)(2) (2000); *see also* Giving Controlling Weight to Treating Source Medical Opinions, 61 Fed. Reg. 34490, 34491-92 (1996); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (controlling weight will be given to a treating physician's opinion concerning the severity of a claimant's impairment

only if the opinion is not inconsistent with substantial evidence in the case record and it is well supported by clinical and laboratory diagnostic techniques); *Coffman v. Bowen*, 829 F.2d 514 (4th Cir. 1987); *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000) (treating physician's opinion does not automatically control since the ALJ must evaluate the record as a whole).

On **August 3, 2004**, Dr. Herring completed a residual functional capacity questionnaire regarding the plaintiff's impairments prior to **December 31, 2001.** Dr. Herring's findings and expert medical opinions set out in the questionnaire included the following: (1) during a typical workday the plaintiff's experience of pain or other symptoms were severe enough to constantly interfere with attention and concentration needed to perform even simple work tasks (Tr. 210, Ques. 10); (2) the plaintiff could not sit for longer than 20 minutes at a time (Tr. 211, Ques. 13b); (3) if the plaintiff were placed in a competitive work situation, her impairments would require her to have to walk approximately every 15 minutes for approximately 10 minutes (Tr. 211, Ques. 13e); and (4) if the plaintiff were placed in a competitive work situation, her impairments would require her to frequently take unscheduled breaks. (Tr. 211, Ques. 13g).

The ALJ, however, concluded that Dr. Herring's responses were "unsupported by the weight of the medical evidence of record and the doctor's own treatment reports." (Tr. 21.) Specifically, the ALJ indicated that "a review of the medical evidence for the time period at issue revealed that the claimant had a good range of motion, negative straight leg raising, a normal gait, and no loss of sensation. *Id*. Substantial evidence supports this conclusion.

First, the plaintiff testified that she spent most of her time sitting (Tr. 45), which is inconsistent with Dr. Herring's opinion that she could not sit or stand for more than two hours total in a day (Tr. 211). Second, Dr. Herring opined that the plaintiff needed to keep her legs elevated, that she could never lift 10 pounds, and that she required frequent breaks and extended periods of rest. (Tr. 211-12.) Dr. Herring's own findings in 2001, during the

relevant period of time, however, indicated that the plaintiff generally had good range of motion; lack of tenderness; normal strength, sensation, reflexes, and ambulation; and good response to treatment. (Tr. 178-79, 181, 186).

For example, in June 2001, Dr. Herring noted that the plaintiff is "active around the house" and that "[s]he does not have any weakness in the lower extremities." (Tr. 178.) Dr. Herring further noted that the plaintiff only "[o]ccasionally will have what she considers a buzzing sensation going down the left leg but this is not of major concern today." *Id*. Dr. Herring also found that the plaintiff had "normal strength, sensation, and reflexes in the lower extremities" and that her "[a]mbulation [was] within normal limits." *Id*. Generally, the plaintiff only complained of "localized low back pain." (Tr. 179.) Previously, in March 2001, Dr. Herring found that the plaintiff's "low back has fairly good range of motion" and "[t]here is no pain on range of motion of the right hip." (Tr. 181.) Dr. Herring did indicate that the plaintiff felt pain when she stood and when she stretched her right leg. *Id*.

The inconsistencies between Dr. Herring's medical opinion in 2004 and her 2001 findings, made during the relevant time period, constitute at least substantial evidence to support the ALJ's decision to accord Dr. Herring's 2004 opinions less weight, as she was entitled to do. *See Mastro*, 270 F.3d at 178 (controlling weight will be given to a treating physician's opinion concerning the severity of a claimant's impairment only if the opinion is not inconsistent with substantial evidence in the case record and it is well supported by clinical and laboratory diagnostic techniques); *Prosch v. Apfel*, 201 F.3d at 1012 (treating physician's opinion does not automatically control since the ALJ must evaluate the record as a whole). In fact, the inconsistences are striking. But to the extent the plaintiff has identified evidence in support of Dr. Herring's 2004 opinion – to wit, (1) Dr. Rittenberg's finding that Fabere's test was positive for pain on left (Tr. 191); (2) Dr, Herring's finding that Patrick's test was positive for pain in the left hip and left SI joint. (Tr. 188); (3) Fabere's test was positive again on the plaintiff's left side (Tr. 178); (4) the plaintiff was diagnosed with

6

left sacrolitis (TR p. 187); and (5) the plaintiff underwent a series of epidural steroid injections – it is of no moment. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (even if a claimant can produce conflicting evidence which might have resulted in a contrary decision, the Commissioner's findings must be affirmed if substantial evidence supported the decision); *Shively v. Heckler*, 739 F.2d 987, 990 (4th Cir. 1984) (the Commissioner is charged with resolving conflicts in the evidence and the court cannot reverse that decision merely because the evidence would permit a different conclusion). It is the ALJ's duty to weigh all the evidence, resolve material conflicts in the record and decide the case accordingly. *See Richardson v. Perales*, 402 U.S. 389, 399 (U.S. 1971). In this case, the ALJ concluded that the 2004 opinion of Dr. Herring was inconsistent with her findings in 2001 and, therefore, should not be accorded controlling weight. As discussed, the Court agrees with the defendant that substantial evidence exists such that her conclusion may not be disturbed.

**II.     Opinion of Physical Therapist**

The plaintiff next contends that the ALJ erred in rejecting the medical opinion of John Mart, a physical therapist, that the plaintiff (1) was not able to safely lift any weight from floor to waist; (2) could carry only four (4) pounds; (3) was limited in her functional abilities to bend, squat, crawl and balance due to limited range of motion secondary to pain; and (4) possessed limited hand strength, bilaterally. (Tr. 166-169.) The ALJ concluded that pursuant to 20 C.F.R. § 404.1527, Mart "is not an acceptable medical source." (Tr. 21.) The plaintiff argues that Mart's opinion, however, is rightly considered an "other source" of evidence showing severity of impairment or affect on a claimant's ability to work, pursuant to 20 C.F.R. § 404.1513(d). The defendant concedes as much but contends that the plaintiff was not required to give the opinion any controlling weight as an "other source." (Def.'s Brief at 15.)

7

The defendant is correct in her assertion. Although the statements from a physical therapist may be considered as an "other source" of evidence they are not entitled to any controlling weight.  *See* 20 C.F.R. § 404.1513(d); *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996).  Moreover, the ALJ does not err by failing to *expressly* consider such opinion in her decision, as the plaintiff seems to suggest.  *See Craig*, 76 F.3d at 590.  Accordingly, the ALJ's conclusory and dismissive treatment of Mart's opinions does not warrant reversal. The ALJ clearly considered his opinion but accorded it no weight, as was within her discretion to do.

Regardless, substantial evidence existed to reject Mart's opinion that the plaintiff could only carry a maximum of four pounds and not lift any weight from the floor to thigh-level.  The plaintiff admitted remaining "active around the house," and she acknowledged that she was able to load her washing machine with clothes, rake leaves and do "heavy work" in her yard.  (Tr. 35, 178-79, 181.)  She denied having any problems with her upper extremities.  (Tr. 43.)

### III.    Residual Functional Capacity

Finally, the plaintiff complains that no evidence exists to support the ALJ's conclusion that the plaintiff can lift and carry up to ten (10) pounds occasionally and lesser weights frequently and sit for six (6) hours in an eight- (8)-hour workday.  (Tr. 20.)  The plaintiff contends that the ALJ simply concluded, in summary fashion, that "[s]uch a residual functional capacity is well-supported by the weight of the evidence of record" (Tr. 20) without reference to "any medical findings that support her residual functional capacity finding" (Pl.'s Brief at 7).  This allegation is without merit.  The ALJ, in fact, specifically and thoroughly detailed the evidence in support of her RFC assessment in the full paragraph immediately following what the plaintiff has characterized as a conclusory determination by the ALJ.  (Tr. 20-21.)  Accordingly, the plaintiff's assignment of error is rejected.

## **CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, this Court concludes that the findings of the ALJ are supported by substantial evidence and recommends that the decision of the Commissioner be affirmed.

IT IS SO RECOMMENDED.

s/ Bruce H. Hendricks<br>United States Magistrate Judge

March 23, 2006
Greenville, South Carolina